## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MAMIE TINKER,

        Plaintiff,

   v.

ERIN MARSTON and MILDRED METCALF,

        Defendants.

Case No. 3:18-cv-00155-SLG

### ORDER OF DISMISSAL OF DEFENDANT AMY PATIL AND NOTICE OF INTENT TO DISMISS DEFENDANTS MARSTON AND METCALF

This case was filed on June 29, 2018. However, despite demonstrated efforts by Ms. Tinker to try to properly serve each of the named defendants, it does not appear that proper service has been effectuated on any of the three named defendants within the 90 days required by Rule 4(m), Federal Rules of Civil Procedure.

### BACKGROUND

On June 29, 2018, Mamie Tinker, a self-represented litigant, filed a complaint with the Court under 42 U.S.C. § 1983.[1] Ms. Tinker paid the $400 filing fee. The complaint names three defendants: Alaska Superior Court Judge Erin Marston; Amy Patil, a former employee of the Office of Children's Services ("OCS"), Alaska Department of Health and Social Services; and Mildred Metcalf, allegedly an Indian Child Welfare Act Specialist employed by OCS.[2] The complaint alleges that each defendant violated Ms. Tinker's civil rights, specifically concerning the terms of custody and visitation as to her son, during

---

[1] Docket 1 (Complaint).

[2] Docket 1 at 2–5.

Child In Need of Aid proceedings adjudicated in Alaska Superior Court.[3] Ms. Tinker seeks $10,000,000 in damages.[4] With her complaint, Ms. Tinker submitted three unissued summons, one for each named defendant. On July 2, 2018, the Clerk of Court issued the three summons and mailed them to Ms. Tinker, along with a copy of the complaint.

## ANALYSIS

After a lawsuit is filed in federal court, a plaintiff must properly serve each defendant with a copy of the complaint and summons, using one of the procedures authorized by Rule 4 of the Federal Rules of Civil Procedure. In its order at Docket 10, the Court explained some of the service requirements of Rule 4 and some of the options Ms. Tinker could use to satisfy those requirements.[5] In its order at Docket 10, the Court explained that Ms. Tinker could hire a professional process server. The Court also explained that Ms. Tinker could follow the service rules of the Alaska Court System. Rule 4(h) of the Alaska Rules of Civil Procedure explains how service can be made by mail in Alaska. If Ms. Tinker opts to serve a person by mail: she must request a return receipt; delivery must be restricted to that person; and the summons and complaint must be mailed by registered or certified mail.

The record reflects the following regarding service of the complaint:

At Docket 6 is a brief letter from Ms. Tinker stating that she attached proof of service on Defendants Mildred Metcalf and Amy Patil. Ms. Tinker's letter also states that she received no proof of service as to Judge Erin Marston. Attached to Docket 6 is a copy of a Domestic Return Receipt form (PS Form 3811, July 2015) from the United

---

[3] Docket 1 at 3–5. *See also* Docket 1-1 at 1–28.

[4] Docket 1 at 6–7.

[5] Docket 10 (Order Clarifying Service Requirements) at 2–3.

Case No. 3:18-cv-00155 SLG, *Tinker v. Marston, et al.*
Notice of Intent to Dismiss Complaint
Page 2 of 5
Case 3:18-cv-00155-SLG Document 13 Filed 12/10/18 Page 2 of 5

States Postal Service.[6] The form was addressed to Ms. Metcalf via general delivery in Hooper Bay, Alaska. The boxes for "Certified Mail" and for "Return Receipt for Merchandise" are checked. Neither the box for "Registered Mail Restricted Delivery" nor the box for "Certified Mail Restricted Delivery" is checked.[7] The box for "Insured Mail Restricted Delivery (over $500)" is obscured by the service label affixed to the form. The name of the person who signed that he or she accepted delivery appears to be Glen [indecipherable]. It appears that delivery of the complaint and summons was not restricted to Ms. Metcalf and that Ms. Metcalf did not accept delivery of the item for which the return receipt form was prepared. Therefore, Ms. Tinker has not perfected service of the complaint and summons on Ms. Metcalf.

On the same day that the letter at Docket 6 was docketed, a copy of the summons issued for Amy Patil was docketed along with a copy of a Domestic Return Receipt form addressed to Ms. Patil, at Docket 5. As with the Domestic Return Receipt form addressed to Ms. Metcalf, the boxes on the form addressed to Ms. Patil for "Certified Mail" and for "Return Receipt for Merchandise" are checked. Neither the box for "Registered Mail Restricted Delivery" nor the box for "Certified Mail Restricted Delivery" is checked. And the box for "Insured Mail Restricted Delivery (over $500)" is obscured by the service label

---

[6] Docket 6 (Letter alleging proof of service) at 2.

[7] Rule 4(h) of the Alaska Rules of Civil Procedure includes the instruction that, if a plaintiff chooses to serve a defendant by mail, "copies of the summons and complaint or other process **shall be mailed for restricted delivery only to the party to whom the summons or other process is directed**." (emphasis added). When mailing her complaint and summons, Ms. Tinker appears not to have chosen one of the options that the United States Postal Service provides for restricted delivery. In the future, if Ms. Tinker tries to serve her complaint and summons on a defendant, she can choose any of these options to satisfy the "restricted delivery" requirement of Rule 4(h), Alaska Rules of Civil Procedure: "Registered Mail Restricted Delivery," "Certified Mail Restricted Delivery," or "Insured Mail Restricted Delivery (over $500)."

Case No. 3:18-cv-00155 SLG, *Tinker v. Marston, et al.*
Notice of Intent to Dismiss Complaint
Page 3 of 5

affixed to the form.[8]  It appears that delivery of the complaint and summons was not restricted to Ms. Patil and that a person other than Ms. Patil signed for the delivery.[9]

At Dockets 7 and 8 are a Limited Entry of Appearance and a Notice to Court, respectively, from the Attorney General's office, explaining that service on Ms. Patil had been attempted but had not been properly made.  The Assistant Attorney General explained that she was making a limited entry of appearance "solely for the purpose of providing notice to the Court" that service had not been perfected on Ms. Patil.  Ms. Tinker wrote to the Court in response, at Docket 9, explaining that she was trying to complete service of her complaint and summons on Ms. Patil.

The Court issued an Order Clarifying Service Requirements at Docket 10, which sought to explain the service requirements and described several options that Ms. Tinker could pursue to try to serve a party.  The order explained, among other things, that to complete service by mail, delivery must be restricted to Ms. Patil.[10]  The Court ordered Ms. Tinker to complete service on Ms. Patil by October 29, 2018, and explained that if she failed to do so, all claims against Ms. Patil could be dismissed without further notice to Ms. Tinker.[11]

At Docket 11 is a letter addressed to the Court by Ms. Tinker.  In her letter, Ms. Tinker asserts that it contains proof of service from former Alaska Attorney General Jahna Lindemuth, who, Ms. Tinker asserts, represents Defendant Amy Patil.  That letter was filed shortly after the Court's order was entered at Docket 10;  thus, it is not clear if Ms.

---

[8] *See* footnote 7.

[9] It appears that the person who signed for delivery was named Don S. Lidinski.

[10] Docket 10 at 2.  *See also* footnote 7.

[11] Docket 10 at 3.

Case No. 3:18-cv-00155 SLG, *Tinker v. Marston, et al.*
Notice of Intent to Dismiss Complaint
Page 4 of 5
Case 3:18-cv-00155-SLG   Document 13   Filed 12/10/18   Page 4 of 5

Tinker had received a copy of that order when she filed her letter. In any event, as that order sought to make clear, the attempted service of documents on the former Alaska Attorney General did not effect service of the complaint on Ms. Patil. Addressing the complaint and summons to former Attorney General Jahna Lindemuth does not meet the requirements for service by mail on Ms. Patil that were explained in the Court's order at Docket 10.

Ms. Tinker's letter at Docket 6 states that she received no proof of service as to Judge Erin Marston. Ms. Tinker has not filed proof with the Court that Judge Marston has been served a copy of Ms. Tinker's complaint or summons within 90 days after filing the complaint, as required by Rule 4(m), Federal Rules of Civil Procedure.

In light of the foregoing, it is hereby **ORDERED**:

1. Ms. Tinker shall file proof of service on Judge Marston and Ms. Metcalf by **January 14, 2019.** If Ms. Tinker fails to complete service on Judge Marston and/or Ms. Metcalf by that date, all claims against that defendant may be dismissed without further notice to Ms. Tinker.

2. Ms. Tinker's claims against Ms. Patil in her complaint at Docket 1 are **DISMISSED** without prejudice, for failure to make service and for failure to comply with the Court's order at Docket 10. The Clerk of Court is directed to amend the caption as set forth above to delete Ms. Patil.

DATED this 7th day of December, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cv-00155 SLG, *Tinker v. Marston, et al.*
Notice of Intent to Dismiss Complaint
Page 5 of 5
Case 3:18-cv-00155-SLG   Document 13   Filed 12/10/18   Page 5 of 5